# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| **MARY D. WILLIAMS** | * | **CIVIL ACTION NO.  12-2509** |
| **VERSUS** | * | **JUDGE DONALD E. WALTER** |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT & RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits.  The district court referred the matter to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).  For the reasons assigned below, it is recommended that the decision of the Commissioner be **AFFIRMED**, and this matter **DISMISSED** with prejudice**.**

## Background & Procedural History

Mary D. Williams protectively filed the instant applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income payments on October 14, 2010. (Tr. 92-102, 108).  She alleged disability as of September 2, 2010, because of diabetes, glaucoma, depression, a nerve condition, and high blood pressure.  (Tr. 112, 135).  The state agency denied the claims at the initial stage of the administrative process.  (Tr. 39-40, 51-62). Thereafter, Williams requested and received a May 12, 2011, hearing before an Administrative Law Judge ("ALJ").  (Tr. 25-38).  In a June 9, 2011, written decision, however, the ALJ determined that Williams was not disabled under the Act, finding at step four of the sequential evaluation process that she was able to return to her past relevant work as a home health aide.

(Tr. 10-19).  Williams appealed the adverse decision to the Appeals Council.  On August 22, 2012, however, the Appeals Council denied Williams' request for review; thus the ALJ's decision became the final decision of the Commissioner.  (Tr. 1-3).

On September 17, 2012, Williams sought review before this court.  She contends that the Commissioner erred because she failed to consider post-ALJ-decision evidence that Williams submitted to the Appeals Council.

## **Standard of Review**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards.  *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).  Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. at 401.  Substantial evidence lies somewhere between a scintilla and a preponderance.  *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).  A finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination.  *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).  The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner.  *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## **Determination of Disability**

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program

2

throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability.  *See* 42 U.S.C. § 423(a)(1)(D).  The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work.  *See* 42 U.S.C. § 423(d)(2)(A).  Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows,

(1)     An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2)     An individual who does not have a "severe impairment" of the requisite duration will not be found disabled.

(3)      An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4)     If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5)     If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make

3

an adjustment to other work in the economy.
*See Boyd v. Apfel*,  239 F.3d 698, 704 -705 (5th Cir. 2001);  20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis;

under the fifth step, however, the Commissioner must show that the claimant is capable of

performing work in the national economy and is therefore not disabled.  *Bowen v. Yuckert*, 482

U.S. 137, 146 n. 5 (1987).  When a finding of "disabled" or "not disabled" may be made at any

step, the process is terminated.  *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).  If at any

point during the five-step review the claimant is found to be disabled or not disabled, that finding

is conclusive and terminates the analysis.  *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## ALJ's Findings

### I.      Steps One, Two, and Three

The ALJ determined at step one of the sequential evaluation process that Williams had

not engaged in substantial gainful activity during the relevant period.  (Tr. 15).  At step two, he

found that she suffers severe impairments of obesity and diabetes mellitus.  (Tr. 16).  *Id*.  He

concluded, however, that the impairments were not severe enough to meet or medically equal any

of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at step three of the

process.  (Tr. 10-17).

### II.     Residual Functional Capacity

The ALJ next determined that Williams retained the residual functional capacity to

perform the full range of medium work.  (Tr. 17-18).[1]

---

[1]  Medium work is defined and explained by Social Security Ruling 83-10:
    [t]he regulations define medium work as lifting no more than 50
    pounds at a time with frequent lifting or carrying of objects weighing
    up to 25 pounds.  A full range of medium work requires standing or
    walking, off and on, for a total of approximately 6 hours in an 8-hour
    workday in order to meet the requirements of frequent lifting or

III.    **Step Four**

At step four, the ALJ utilized a vocational expert to find that Williams was able to return to her past relevant work as a home health aide.  (Tr. 18).[2]

### Analysis

The sole issue raised by Plaintiff on appeal is that the Commissioner erred by failing to consider the new evidence that she submitted to the Appeals Council.  Before reaching this issue, however, the court initially observes that Plaintiff's own testimony provided substantial evidence to support the ALJ's residual functional capacity assessment and step four finding.  For instance,

---

carrying objects weighing up to 25 pounds.  As in light work, sitting may occur intermittently during the remaining time.  Use of the arms and hands is necessary to grasp, hold, and turn objects, as opposed to the finer activities in much sedentary work, which require precision use of the fingers as well as use of the hands and arms.

The considerable lifting required for the full range of medium work usually requires frequent bending-stooping.  (Stooping is a type of bending in which a person bends his or her body downward and forward by bending the spine at the waist).  Flexibility of the knees as well as the torso is important for this activity.  (Crouching is bending both the legs and spine in order to bend the body downward and forward).  However, there are a relatively few occupations in the national economy which require exertion in terms of weights that must be lifted at times (or involve equivalent exertion in pushing or pulling), but are performed primarily in a sitting position, e.g., taxi driver, bus driver, and tank-truck driver (semi-skilled jobs).  In most medium jobs, being on one's feet for most of the workday is critical.  Being able to do frequent lifting or carrying of objects weighing up to 25 pounds is often more critical than being able to lift up to 50 pounds at a time.

Social Security Ruling 83-10.

[2]  Past relevant work is defined as "the actual demands of past work or 'the functional demands . . . of the occupation as generally required by employers throughout the national economy.'"  *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987) (citing, Social Security Ruling 82-61)

despite some initial equivocation, Williams admitted to the ALJ that she probably still would be working if the lady that she tended to had not discontinued her services.  (Tr. 18, 28-29).  The ALJ further noted that Williams applied for unemployment benefits after she stopped working, which by law, requires certification that the individual is available and actively searching for work.  (T. 15-16).

In the aftermath of the ALJ's decision, Plaintiff submitted additional evidence to the Appeals Council in the form of an August 1, 2011, letter from her treating physician, Rel Gray, M.D.  (Tr. 206-207).  *Id*.  Dr. Gray noted that he had followed Williams as a patient for the past ten years.  *Id*.  He stated that Williams' office visits from 2001 until 2006 were for transient problems with minor infections.  *Id.*  In 2006, Williams began to experience manifestations of Metabolic Syndrome.  *Id*.  Nonetheless, Gray did not see Williams again until December 11, 2008.  *Id*.  By that time, her hypertension, obesity, diabetes, and increased lipids had advanced to a full-blown Metabolic Syndrome.  *Id*.  At that time, he added anxiety-depression and hyperventilation to her list of diagnoses.  *Id*.  Seven days later, however, Williams was asymptomatic.  *Id*.

Gray next saw Williams about two years later on November 29, 2010, with complaints of tingling, numbness, and pain in her right foot and both hands.  *Id*.  He diagnosed bilateral carpal tunnel syndrome and neuropathy in her right leg and foot, and started her on nocturnal wrist splints.  *Id*.  Nine days later, Gray noted that Williams had become unemployed.  *Id*.  By January 5, 2011, Williams' leg and foot pain had decreased, probably due to medication.  *Id*.

Gray stated that follow up visits on March 3, May 26, and July 29, 2011, confirmed failure to achieve good control of Williams' hypertension, diabetes, obesity, and depression.  *Id*.  She continued to experience problems with neuropathy that was partially controlled by Topamax.

6

*Id*.  Therefore, Gray concluded that as of "now [ ] and for the foreseeable future . . ." Williams was unable to work in any capacity because of her progressive metabolic syndrome, her diabetic neuropathy, and her longstanding anxiety and depression.  *Id*.  He opined that her impairments would progressively worsen.  *Id*.  He did not anticipate that light work, limited hours or other tailored work scenarios would be possible.  *Id*.

Plaintiff contends that the new evidence that she submitted to the Appeals Council is inconsistent with the ALJ's RFC, and that the Appeals Council committed reversible error by not giving effect to this new evidence.[3]  According to the Hearings, Appeals and Litigation Law Manual ("HALLEX"), the Appeals Council is obliged to address additional evidence or legal arguments submitted by a claimant in his  request for review.  *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000) (citing HALLEX § I-3-501).  In 1995, however, the Executive Director of the Office of Appellate Operations suspended "the requirement for a detailed discussion of additional evidence and for specific responses to contentions in denial notices."  *See* HALLEX, § I-3-5-90, http://www.ssa.gov/OP_Home/hallex/I-03/I-3-5-90.html.  There is no indication that the suspension has been lifted.

Moreover, in the Fifth Circuit, evidence submitted by a claimant to the Appeals Council does not per se require remand to the Commissioner simply because the Appeals Council failed to address the evidence in its decision.  *See Higginbotham v. Barnhart*  405 F.3d 332 (5th Cir. 2005); *Higginbotham v. Barnhart*, 163 Fed. Appx. 279, 2006 WL 166284 (5th Cir. 1/10/2006)

_____

[3]  Here, the Appeals Council issued its rote denial:  "we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.  We found that this information does not provide a basis for changing the Administrative Law Judge's decision."  (Tr. 1-2).

(unpubl.) ("*Higginbotham II*").[4]   Rather, the evidence constitutes part of the instant record and provides a basis for remand so long as it is new, material, and related to the period on or before the date of the ALJ's decision.  *See Higginbotham, supra*; 20 C.F.R. § 404.970(b).[5]   To be considered "material," the evidence must be relevant, probative, and reasonably likely to have changed the outcome of the Commissioner's determination.  *See Pierre v. Sullivan,* 884 F.2d 799, 803 (5th Cir. 1989).

    The court is not persuaded that the new evidence satisfies the requisite criteria.  Dr. Gray stated that Williams was unable to work as of the date of his letter, i.e. August 1, 2011. Moreover, it was not until after Williams' follow-up visits in March, May, *and* July that Dr. Gray finally concluded that she was unable to control her impairments.  Clearly, however, the July office visit post-dates the ALJ's decision, and therefore, lies outside the relevant period. Moreover, because Plaintiff suffers from a progressive condition, the court cannot conclude that the July office visit reflected her condition as of the date of the ALJ's decision.  Consequently, Dr. Gray's statement of Williams' disability, premised as it is on the July office visit, does not provide a basis for reversal and/or remand.  Instead, the letter supports no more than a "later-acquired disability or . . . the subsequent deterioration of the previously non-disabling

---

    [4]  The Fifth Circuit has approved the courts' practice of assigning reasons for discounting the significance of evidence that was submitted to the Appeals Council in the first instance.  *See e.g.*, *Higginbotham II, supra*; *Garth v. Astrue*, 393 F. App'x 196, 199 (5th Cir. Aug. 26, 2010) (unpubl.).

    [5]  *Higginbotham* cited *Perez v. Chater*, and *Wilkins v. Sec'y Dept. of Health Human Servs.* as support for its finding that post-ALJ evidence is to be considered part of the record.  *See Higginbotham*, 405 F.3d at fn. 3 (*citing inter alia*,  *Perez v. Chater*, 77 F.3d 41, 44–45 (2d Cir.1996) and *Wilkins v. Sec'y, Dept. of Health Human Servs.*, 953 F.2d 93, 96 (4th Cir.1991) (*en banc*)).  Both *Perez* and *Wilkins* require that the subsequent evidence be new, material and relevant to the pre-ALJ decisional period.  *Perez, supra*; *Wilkins, supra* (citing, 20 C.F.R. § 404.970(b)).

condition . . ."  *See Haywood v. Sullivan*, 888 F.2d 1463, 1471-1472 (5th Cir. 1989) (quoting

*Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir.1985) (internal quotation marks omitted)); *see*

*also Hammond v. Barnhart*, 132 Fed. Appx. 6 (5th Cir. May 17, 2005) (unpubl.) (medical

evidence that post-dates the ALJ's decision is only material if it addresses the severity of the

claimant's pre-hearing condition).[6]

In addition, Dr. Gray's statement that Williams was unable to work does not constitute a

medical opinion, and therefore, is accorded no special significance under the regulations.  20

C.F.R. § 404.1527(d); *see also Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

## Conclusion

For the foregoing reasons, the undersigned finds that the Commissioner's determination

that Plaintiff was not disabled under the Social Security Act, is supported by substantial evidence

and remains free of legal error.  Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be AFFIRMED, in its

entirety, and that this civil action be DISMISSED with prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have

**fourteen  (14) days** from service of this Report and Recommendation to file specific, written

objections with the Clerk of Court.  A party may respond to another party's objections within

**fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or

response or request for extension of time shall be furnished to the District Judge at the time of

filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

---

[6]  Although not relevant to the current application and appeal, this evidence may support a
new claim/application.  *Johnson, supra*.

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers at Monroe, Louisiana, this 14th day of January 2014.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE